# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

EDWARD B., JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5848 RAJ

**ORDER REVERSING DENIAL OF BENEFITS**

Plaintiff appeals denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and by rejecting a treating doctor's and an examining doctor's medical opinions in favor of two non-examining doctors' opinions. Dkt. 19. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative

ORDER REVERSING DENIAL OF
BENEFITS - 1

proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has a high school education, and has worked as a medical assistant, housing project manager, and loan officer. Dkt. 17, Admin. Transcript (Tr.) 24. Plaintiff applied for benefits in January 2018, alleging disability as of December 31, 2017. Tr. 15. After conducting a hearing in April 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 31-52, 15-26. In pertinent part, the ALJ found that, with the severe impairments of depression, post-traumatic stress disorder (PTSD), and alcohol dependence in remission, Plaintiff had the residual functional capacity (RFC) to perform simple, routine work with minimal public interaction. Tr. 17, 19.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A. Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony of disabling mental symptoms because

he received minimal treatment and mental status examination results were largely normal. Tr. 20, 22.

### 1. Treatment

The ALJ found, during the relevant period, the record showed "mostly 25 minute medication counseling appointments and no formal psychotherapy." Tr. 20.[1] While the cited treatment note states this was "not a formal psychotherapy visit," the notes document Plaintiff's symptoms extensively, along with a full mental status examination and assessment scales for depression, anxiety, and PTSD. Tr. 397-98.

Plaintiff contends his own and his doctors' statements show his symptoms prevented him from engaging in more extensive mental health treatment. Dkt. 19 at 5; Dkt. 21 at 3. In an October 2018 assessment, Dr. Lodin wrote Plaintiff was "not able to leave his house and avoids any social interaction." Tr. 417. Plaintiff was offered therapy "but he declined. He is not able to leave his house to attend therapy once a week." *Id*. Plaintiff testified his doctor wanted him to attend weekly group therapy, but he "do[es]n't do well in front of people, and … it wouldn't work." Tr. 40-41.

An "'unexplained or inadequately explained failure'" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must address the claimant's "proffered reasons." *Trevizo*, 871 F.3d at 679-80 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ did not address the medical evidence showing Plaintiff was unable to engage in more extensive therapy, and thus

---

[1] The Commissioner also argues Plaintiff "only attended five counseling sessions between 2014 and 2016," but that was well before the alleged onset date. Dkt. 20 at 7.

erred by discounting his testimony based on failure to follow prescribed treatment without considering Plaintiff's reasons.

The ALJ cited treatment records showing Plaintiff was "reluctant to make any changes" to his medication. Tr. 413. Plaintiff reported he once tried to stop Zoloft "but he became very irritable and angry. His wife encouraged him to restart it." Tr. 422. The ALJ did not explain how Plaintiff's reluctance to change medications due to past negative experience undermined his testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony based on minimal treatment.

### 2. Mental Status Examinations

An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony").

The ALJ summarized several treatment notes, but did not identify any evidence contradicting Plaintiff's testimony. *See* Tr. 20-22. The Commissioner argues "mostly normal mental status exam findings" supported the ALJ's decision. Dkt. 20 at 7. Mental status examinations consistently showed some abnormal findings, such as "anxious and depressed" affect and "irritated" mood, along with some normal findings. *See, e.g.*, Tr.

398, 413. The ALJ failed to explain how this mixture of abnormal and normal findings contradicted Plaintiff's testimony. The Commissioner cites findings such as cooperative attitude and normal speech, but fails to explain how any of these findings contradict Plaintiff's testimony that, for example, he cannot leave the house unless accompanied by his wife or son. Dkt. 20 at 11; Tr. 41-42.

Conflict with the medical record was not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony.

**B.     Medical Opinions**

Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. § 404.1520c(a), (b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion. *Id*. at (c)(1)-(2). At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

### 1. Ryan O'Connor, M.D.

Dr. O'Connor examined Plaintiff in February 2018 and diagnosed PTSD, major depressive disorder, and alcohol use disorder in remission. Tr. 308. Dr. O'Connor opined it was "unlikely" Plaintiff could perform consistently without additional instructions, work at a sufficient pace, or maintain attendance. Tr. 309. The ALJ found these portions of Dr. O'Connor's opinion "not persuasive" because they were inconsistent with the record, based primarily on Plaintiff's reports, and inconsistent with Dr. O'Connor's own findings. Tr. 23.

The ALJ's finding that Dr. O'Connor's opinions were inconsistent with the record, specifically minimal treatment and largely normal mental status examination results, was not supported by substantial evidence. As discussed above, the ALJ erred by finding minimal treatment because he failed to address Plaintiff's proffered reasons. And the ALJ failed to explain how the mixture of abnormal and normal findings in mental status examinations conflicted with or undermined Dr. O'Connor's opinions.

An ALJ may reject a medical opinion based heavily on a claimant's properly discounted self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, however, the ALJ erred by discounting Plaintiff's self-reports. This was not, therefore, a valid reason to discount Dr. O'Connor's opinions.

Incongruity between a treating physician's opinions and her own clinical findings can be a valid reason for rejecting the opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, however, the ALJ failed to show such incongruity. Dr.

O'Connor's opinion Plaintiff was unlikely to perform consistently without additional instructions was "based on [his] performance on the cognitive exam." Tr. 309. The opined difficulty working at a sufficient pace was "based on [his] ability to perform activities of daily living," and difficulty maintaining attendance was based on both the cognitive exam and activities of daily living. Tr. 309. The ALJ found Dr. O'Connor's opinions inconsistent with portions of the cognitive examination showing Plaintiff could accurately follow a three-step command, recall three objects after a delay, and perform simple calculations. Tr. 23; Tr. 307-08. However, these normal findings did not contradict Dr. O'Connor's opinions. And the cognitive examination showed abnormalities in immediate recall, concentration tasks, and abstract thinking. Tr. 308. The ALJ did not explain why the abnormal findings were not more probative than the normal ones. The ALJ also failed to address Plaintiff's activities of daily living, on which Dr. O'Connor based his opinions in part. Incongruity with his own findings was not a valid reason to discount Dr. O'Connor's opinions.

The Court concludes the ALJ erred by discounting Dr. O'Connor's opinions.

### 2. Zohra Lodin, M.D.

In February 2019, Dr. Lodin opined Plaintiff's chronic PTSD symptoms interfered with concentration, persistence, pace, and ability to maintain punctual attendance. Tr. 348-49.

The ALJ found Dr. Lodin's opinions "not persuasive" because they were

ORDER REVERSING DENIAL OF
BENEFITS - 7

inconsistent with minimal treatment and "fairly benign" mental status examinations.[2]  Tr. 23-24.  As discussed above, the ALJ failed to address Plaintiff's proffered reasons for minimal treatment.  And Dr. Lodin, as a treating medical professional, was in a better position than the ALJ to interpret the mixture of abnormal and normal clinical findings in the record.  The ALJ provided no reason why the normal findings would be more probative than the abnormal findings.

The ALJ erred by discounting Dr. Lodin's opinions without a valid reason supported by substantial evidence.

### 3. State Agency Doctors

The ALJ found two State agency non-examining psychologists' opinions "persuasive."  Tr. 23.  Plaintiff contends this was error, because the opinions were not supported by the record or consistent with the treating and examining doctors' opinions.  Dkt. 19 at 3.

An ALJ may always accept a medical opinion, and need not even provide reasons for doing so.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).  However, because the ALJ must reevaluate Dr. O'Connor's and Dr. Lodin's opinions on remand, if the ALJ accepts them he will need to reevaluate the State agency doctors' opinions to the extent they conflict.

---

[2] The ALJ also stated Dr. Lodin was incorrect about a diagnosis of PTSD, but the Commissioner does not defend this reason, apparently conceding it is erroneous.  The ALJ misread the record, which clearly states a diagnosis of PTSD.  *See* Tr. 337, 326 ("Assessment: … PTSD.").  In any case, there is no dispute Plaintiff suffers from PTSD, as the ALJ determined it was a severe impairment.  Tr. 17.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and Dr. O'Connor's and Dr. Lodin's opinions; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 19th day of May, 2021.

The Honorable Richard A. Jones
United States District Judge